**REED SMITH LLP**
Diane A. Bettino, Esq.
David G. Murphy, Esq.
599 Lexington Avenue
New York, NY 10022
Telephone: 212-521-5400
Facsimile: 212-521-5450
dmurphy@reedsmith.com

*Attorneys for Defendant Truist Bank, as Successor by Merger to Suntrust Bank d/b/a Lightstream*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DERSHAWN SIBBLES,<br><br>                Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; GOLDMAN SACHS BANKS USA; SOFI LENDING CORP.; TRUIST BANK, AS SUCCESSOR BY MERGER TO SUNTRUST BANK d/b/a LIGHTSTREAM; U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR VCC 2020-MC1 TRUST, and PENTAGON FEDERAL CREDIT UNION,<br><br>                Defendants. | Civil Action No.:<br><br>(Removed from the Supreme Court of the State of New York, Nassau County, Index No. 607470/2024)<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Truist Bank, as Successor by Merger to Suntrust Bank d/b/a Lightstream ("Truist"), hereby removes this action from the Supreme Court of the State of New York, Nassau County, to the United States District Court for the Eastern District of New York. In support of this Notice of Removal, Truist states as follows:

## I. BACKGROUND

1. On April 30, 2024, Plaintiff Dershawn Sibbles ("Plaintiff") commenced this action in the Supreme Court of the State of New York, Nassau County, by filing a Complaint, under Index No. 607470/2024, asserting claims against, among other defendants, Truist (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2. In the Complaint, Plaintiff asserts three claims against Truist, along with other defendants, under federal law, namely the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. *See generally,* Exhibit 1.

3. Truist was served with the Summons and Complaint via the New York Department of State, which received the Summons and Complaint on June 10, 2024, and which transmitted the Summons and Complaint to Truist by letter dated June 18, 2024. A true and correct copy of the correspondence received from the New York Department of State is attached hereto as **Exhibit 2**.

4. No other documents have been filed in this litigation, other than a Notice of Discontinuance for defendant Pentagon Federal Credit Union ("Pentagon"). A true and correct copy of the docket is attached hereto as **Exhibit 3**, and the Notice of Discontinuance for Pentagon is attached as **Exhibit 4**.

5. This Notice of Removal is therefore timely, having been filed within thirty (30) days of the date on which Truist was served with the Summons and Complaint. *See* 28 U.S.C. § 1446(b)(1).

6. All other defendants that have been properly served and joined in this matter consent to and join in this Notice of Removal, as set forth in detail below.

## II.    REMOVAL TO THIS COURT IS PROPER

5. Removal of this action is proper under 28 U.S.C. § 1441(a), which allows for the removal of any civil action over which the district courts of the United States would have original jurisdiction.

6. Truist is removing this matter on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

7. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 in that it is a civil action arising under the laws of the United States, specifically the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* *See generally,* Exhibit 1.

8. The Supreme Court of the State of New York, Nassau County, is located within the United States District Court for the Eastern District of New York. Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9. Accordingly, had the Complaint been brought in the United States District Court for the Eastern District of New York in the first instance, this Court would have had original jurisdiction over the subject matter under 28 U.S.C. § 1331. As a result, this action is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

## III.    REMOVAL TO THIS COURT MEETS THE PROCEDURAL REQUIREMENTS

10. <u>Removal is Timely</u>. Truist was served with the Summons and Complaint on June 10, 2024, via service to the New York Department of State. Therefore, this Notice of Removal is timely in that it is filed within thirty (30) days of the date Truist was served with the initial pleading

setting forth the removable claim. *See* 28 U.S.C. § 1446(b); *Speedfit LLC v. Woodway USA, Inc.*, 642 F. Supp. 3d 429, 440 (S.D.N.Y. 2022).

11. <u>Notice</u>. Truist will promptly serve Plaintiff and file with this Court its Notice of Removal to all adverse parties, informing Plaintiff that this matter has been removed to federal court. *See* 28 U.S.C. §§ 1446(a), (d). Truist will also promptly file with the Clerk of the Supreme Court of the State of New York, Nassau County, and serve on Plaintiff, a Notice of Removal to Federal Court, pursuant to 28 U.S.C. § 1446(d).

12. <u>Pleadings and Process Have Been Provided</u>. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit 3** is a copy of the docket from the State Court Action. Truist will Supplement this Removal with remaining pleadings and orders filed with the state court in the state court action, if any, as soon as they are received.

13. <u>This is the Only Request for Removal.</u> Truist has not made a previous application for the relief requested herein, and Truist is not aware of any other defendant attempting to remove this matter to this Court or any other federal court.

14. <u>Rule of Unanimity</u>. Counsel for Truist conferred with counsel for each of the defendants that have been served with the Summons and Complaint, and each of those defendants consent to this removal.

    a. Attached hereto as **Exhibit 5** are affirmations memorializing the unambiguous written joinder and consent in this matter by defendants TransUnion LLC, SoFi Lending Corp., Goldman Sachs Banks USA[1], and U.S. Bank National Association, as Indenture Trustee for VCC 2020-MC1 Trust.

---

[1] Counsel for Defendant Goldman Sachs Banks USA ("Goldman") advised Truist's counsel, via email, that it consents to this removal.

b. Consent from Pentagon is not needed because it has reached a settlement with Plaintiff and has been dismissed from the action, rendering it, at most, as a nominal party from which consent to remove is not required. *See* **Exhibit 4**; *Acosta v. Master Maint. & Constr., Inc.*, 52 F. Supp. 2d 699, 709 n.31 (M.D. La. 1999) (citing J.*D. Bradley v. Maryland Casualty Co.*, 382 F.2d 415, 419 (8th Cir. 1967)) ("Defendants who have settled are nominal defendants whose consent to removal is unnecessary.").

c. Upon information, belief, and diligent inquiry by undersigned counsel, the following defendants have not been served with the Summons and Complaint in this matter: Equifax Information Services, LLC and Experian Information Solutions, Inc. Undersigned counsel undertook diligent efforts to contact these defendants, including repeated outreach to multiple counsel of record that could be located on the dockets for other matters recent matters before this Court and other courts in the region, along with a phone call and email sent to the New York Department of State in an attempt to ascertain if any other defendants were served with the New York Secretary of State (to which no response was received). To date, counsel has not obtained any evidence that these defendants have been served with the Summons and Complaint.

d. Despite Truist's reasonable diligence, there is no proof that these defendants have been "properly joined and served," such as proof of service filed on the docket. Pursuant to 28 U.S.C. § 1446(b)(2), the Rule of Unanimity is satisfied with the consent of the defendants that have supplied their written consent to this Notice. *See Doe v. Sunflower Farmers Mkts., Inc.*, 831 F. Supp. 2d 1276, 1280 (D.N.M.

2011)("Because Defendants Sunflower and Garcia had no basis to conclude Defendant Garcia was a 'served' defendant at the time of removal, they were not obligated to include him and secure his consent."); *see also Lopez v. BNSF Ry. Co.*, 614 F. Supp. 2d 1084, 1088 (E.D. Cal. 2007) (citing *Milstead Supply Co. v. Casualty Ins. Co.*, 797 F. Supp. 569 (W.D. Tex. 1992)).

e. In the event any of these defendants have, in fact, been properly served prior to the filing of this removal, those defendants may still consent to this removal by timely consenting to the removal. *Muhammad v. Jones*, No. 4:15-cv-284-MW-GRJ, 2015 U.S. Dist. LEXIS 159412, at *12 (N.D. Fla. Nov. 3, 2015) ("[T]he failure to file the consent until shortly after removal does not require remand. Although Defendants Davis and Palmer technically were served two days prior to removal, their proofs of service had not yet been filed with the court before Defendants filed their notice of removal.").

**WHEREFORE**, Defendant Truist Bank, as Successor by Merger to Suntrust Bank d/b/a Lightstream gives notice that this action is removed from the Supreme Court of the State of New York, Nassau County, to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

                                                        **REED SMITH LLP**

                                                       */s/ David G. Murphy*

Dated: June 28, 2024                                 David G. Murphy